Krishna Carolyn LOPEZ–MARIN;
Yeni Lopez–Marin; Silvia Noemy
Lopez–Marin, Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–74666.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed June 24, 2008.

Michael Pierson, Riddell Williams, PS, Seattle, WA, for Petitioners.

Robbin K. Blaya, Joseph D. Hardy, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: FISHER, GOULD and IKUTA, Circuit Judges.

## MEMORANDUM *

Krishna, Yeni and Silvia Lopez–Marin ("the sisters") appeal the Board of Immigration Appeals' ("BIA") determination on their asylum, withholding of removal and Convention Against Torture ("CAT") claims. We have jurisdiction under 8 U.S.C. § 1252(a) and reverse and remand for reconsideration consistent with this disposition.

*Asylum and withholding of removal claims*

The sisters argue that they are entitled to asylum relief because they have faced persecution on account of an imputed political opinion. We previously remanded to the BIA to reconsider its initial conclusion that the sisters failed to present an imputed political opinion claim to the immigration judge ("IJ"). *See Krishna Carolyn Lopez–Marin et al. v. Gonzales,* Nov. 14, 2005 Order, No. 05–72528. The BIA's decision to reaffirm its dismissal of the sisters' asylum claim is ambiguous, but we read its conclusion that "no such claim was ever actually presented below" to be a determination that the sisters never raised or argued their imputed political opinion claim and therefore waived it.

 Because the sisters' pre-hearing statement to the IJ directly raised their imputed political opinion claim, the record " 'not only *supports* . . . but *compels* ' " the conclusion that the BIA's finding was erroneous. *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 480 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The sisters' imputed political opinion claim was not waived and we remand to the BIA to review the merits of this claim in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Because the sisters' qualification for withholding of removal necessarily relies on their ability to establish whether they faced persecution on the basis of an imputed political opinion, we also remand the withholding of removal claim for reconsideration. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

*CAT claim*

To be eligible for CAT relief, the sisters must "establish that it is more likely than not that [they] w[ill] be tortured if removed." 8 C.F.R. § 208.16(c)(2). The BIA summarily dismissed the sisters' CAT claim by concluding, "[h]aving failed to establish their eligibility for asylum, the respondents have also failed to establish their eligibility for withholding of removal and have also failed to demonstrate that they are eligible for relief under the United Nations Convention Against Torture." This determination rested on one of two bases, both of which are legally incorrect.

Under one interpretation, the BIA linked the failure of the sisters' CAT claim to the failure of their asylum claim. This reasoning is legal error. A petitioner "need not show that he or she would be tortured 'on account of' a protected ground" to be eligible for CAT relief. *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001). Accordingly, "[a] failure to establish eligibility for asylum does not nec-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

essarily doom an application for relief under [CAT]." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Alternatively, the BIA based its conclusion on the IJ's reasoning. "Where, as here, the BIA does not expressly state whether it conducted de novo review and the lack of analysis in its order suggests it gave significant weight to the IJ's decision, we will review the IJ's decision 'as a guide to what lay behind the BIA's conclusion.'" *Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1058 (9th Cir.2006) (citations omitted). Here, the IJ dismissed the sisters' CAT claim because it found that they "ha[d] not made out a claim under [CAT] on the basis of Board guidance such as *Matter of J–E–,* 23 I & N Dec. 291 (BIA 2002)." *In re J–E–* stood for the now abrogated proposition "that a petitioner must have been in the custody or control of a public official at the time of torture." *Morales v. Gonzales,* 478 F.3d 972, 984 n. 3 (9th Cir.2007). The Ninth Circuit has expressly overturned this interpretation. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1019–20 (9th Cir.2004) (overruling *In re J– E–* ).

■ Under either interpretation of the BIA's analysis of the sisters' CAT claim, then, we "cannot be certain that the Board did not deny the [claim]" based on an incorrect legal standard. *Id.* at 1021. "Under such circumstances, 'the proper course ... is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Ventura,* 537 U.S. at 16, 123 S.Ct. 353).

Accordingly, we remand to the BIA to evaluate the sisters' CAT claim under the correct legal standard. In so doing, we note that the government acknowledged

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

during oral argument that kidnaping and rape could constitute torture. We also note that the sisters need not prove "actual knowledge" or "willful acceptance" on the part of the Salvadoran government to be eligible for CAT relief. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194–96 (9th Cir. 2003). Rather, they can satisfy their burden by showing that the "public officials demonstrate 'willful blindness' to the torture of their citizens," and "thereafter breach [their] legal responsibility to intervene to prevent such activity." *Id.* at 1194, 1196 (quoting 8 C.F.R. § 208.18(a)(7)).

**REVERSED and REMANDED.**